```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


IN RE: PASPT LICENSING GmbH              CIVIL ACTION
PATENT LITIGATION

                                         NO: 99-md-1298
                                         REF. C.A. 99-3118

THIS DOCUMENT RELATES TO:                SECTION: "J" (2)
CIVIL ACTION 99-3118
```

### ORDER AND REASONS

Before the Court is the Papst parties' Motion to Partially Lift Stay (Rec. Doc. 314). The motion is opposed. Having considered the memoranda of counsel, the applicable law, and the history and reasons for the stay, the Court finds that the motion should be GRANTED.

### BACKGROUND

Papst Licensing GmbH ("Papst") holds patents relating to hard disk drive technology. Following a patent dispute, Papst entered into a settlement agreement with Menebea Co., Ltd. in 1995. In 1997 Minebea sued Papst in the United States District Court for the District of Columbia asserting, among other things,

rights derived from the 1995 settlement agreement.

In March 1999, Papst filed a series of lawsuits asserting patent infringement violations against several defendants including IBM, Western Digital, Hewlett-Packard, Seagate Technologies, Matsushita, Maxtor, Quantum, and Cornice. In late 1999, the Judicial Panel on Multidistrict Litigation ("MDL Panel") consolidated Minebea's suit and all of Papst's infringement suits for pretrial proceedings in this Court. On December 11, 2001 this Court recommended a remand of the Minebea suit because a determination of the rights and obligations created by the contractual agreements between Minebea and Papst, particularly the 1995 Settlement Agreement, could potentially narrow or moot the common patent issues in this multi-district litigation. Thus, this Court found remand to best serve the interests of judicial economy.

On April 19, 2002, the MDL panel ordered several of Minebea's claims remanded. On June 3, 2002, this Court stayed all proceedings before it pending resolution of the remanded claims. The remanded claims alleging fraud have since been dismissed, and the remainder were tried last year and are awaiting final decision.

In the years that the stay has been in effect most of the

2

defendants have settled with Papst, leaving only Maxtor, Quantum, and Cornice as defendant parties. Recently, Seagate Technologies, one of the settling defendants that has been dismissed, announced that it is acquiring Maxtor. After learning of the pending acquisition, Papst sought detailed assurances that documentary evidence and potential employee deponents of Maxtor's foreign subsidiaries would continue to be available for purposes of this lawsuit. Maxtor responded with vaguely positive, but somewhat noncommittal, assurance. Dissatisfied, Papst filed the current motion to partially lift the stay to allow it to take some discovery, possibly to add the foreign subsidiaries as parties, and otherwise amend its pleadings.

## DISCUSSION

There are several abstention doctrines providing varying justifications for staying a case pending the outcome of related litigation. *See, Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 538 (5th Cir. 2002). As between federal and state courts, federalism and state-law concerns are balanced against the federal courts' "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817-18 (1976). "'As between federal district courts ... the general principle is to

avoid duplicative litigation.' The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Harris County, Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999) *quoting*, *West Gulf Maritime Assoc. v. ILA Deep Sea Local*, 24, 751 F.2d 721, 728-29 (5th Cir. 1985).

Although this Court recommended a stay almost four years ago to achieve these desirable ends, the current situation warrants the partial lifting that Papst requests. Maxtor argues that to partially lift the stay now would undermine the entire rationale of the stay. Maxtor also argues that Papst's overblown concerns and broad or burdensome requests are insufficiently persuasive to warrant lifting the stay. However, the burden of persuasion is on the proponent of a stay, and "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. Amer. Water Works & Elec. Co.*, 299 U.S. 248, 254-55 (1936).

Clearly, under *Landis*, this Court has discretion to stay a case to conserve judicial resources where a related proceeding will resolve pertinent issues. But that discretion may be abused

4

where a stay is "immoderate." To determine whether a stay is immoderate this circuit looks to its duration and scope. *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). If the duration is indefinite and the scope broad, the rationale behind it should be closely examined. *Id.* Here the stay is indefinite in a sense because no set date for its ending exists, although a decision in the related proceeding is pending. The stay has already lasted quite a long time. The scope of the stay is complete. Therefore, in the face of the plaintiff's request to proceed with its case, the reasons for its continuing should be strong.

Allowing Papst to conduct focused discovery and to amend pleadings does not require this Court to resolve any substantive issues now. This Court can still await the outcome of the District of Columbia case. Therefore, the rationale for the stay will not be undermined. Concerns of conflicting outcomes, duplicative litigation, or a sister court's authority will not be implicated. Regarding Maxtor's second complaint, that some of Papst's requests for information are broad and perhaps irrelevant and/or available from other sources, the discovery procedures control these types of issues, not a discretionary stay. Maxtor has failed to present a clear case of inequity or hardship if it is asked to respond to discovery requests. *See, Landis*, 299 U.S.

at 255. This Court will not require Papst to risk losing evidence relevant to its case by a stay whose completeness is no longer justified.

Accordingly,

**IT IS ORDERED** that the Papst parties' Motion to Partially Lift Stay (Rec. Doc. 314) is **GRANTED**.

New Orleans, Louisiana this the 10th day of April, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE