UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: PAPST LICENSING GmbH             CIVIL ACTION
PATENT LITIGATION
                                        NO: 99-md-1298

                                        SECTION: "J" (2)

## ORDER AND REASONS

Before the Court is the Papst Parties' Motion to Lift Stay. (Doc. 362.) The motion is opposed. (Docs. 361, 362, and 369.) For the following reasons the Court finds that the motion should be granted.

### BRIEF FACTUAL AND PROCEDURAL HISTORY

Papst holds patents on hard disk drive technologies. Pursuant to a joint venture, Papst licensed Minebea's use of its patented hard disk drive technologies. Minebea in turn sold products related to the patented technologies to several customers. Question arose regarding the customers' license to use the technologies subject to Papst's patents. Minebea sued Papst in Federal District Court in Washington D.C. for sixteen

different counts including declaratory judgments on the rights of Minebea's customers relative to Papst's patents. Those customers include the remaining defendants in this case, other than Minebea.

Papst sued the customers in various districts for patent violations. Minebea's suit and Papst's suits were consolidated here in the Eastern District of Louisiana by the Judicial Panel on Multidistrict Litigation. This Court stayed the case and remanded the Minebea claims that had to do with the rights of Minebea's customers vis-a-vis Minebea's contracts with Papst. The D.C. district court has ruled and found in Papst's favor on all of the claims tried on the merits. Papst has moved to lift the stay of this case. The D.C. district court has since certified its ruling as a final judgment suitable for immediate appeal under Federal Rule of Civil Procedure 54(b).

## PARTIES' ARGUMENTS

Both sides agree that this case involves a discretionary stay, subject to the legal limitations and the equitable balancing test of *Landis v. North American Co.*, 299 U.S. 248 (1936). Both sides agree that the case was stayed to allow the D.C. district court to decide the remanded issues, thereby narrowing the issues to be decided in this Court. Papst argues

that the term of the stay is over and the goals of the stay have now been accomplished, so this case should move forward. Papst cites *Landis* for the proposition that a stay in one court pending the outcome in another court is immoderate or an abuse of discretion if it extends beyond the decision in the parallel suit at the district court level. Papst also argues that the balancing test in *Landis* favors lifting the stay because its patents continue to be violated and an important witness, Georg Papst, is in poor health.

The stay's proponents counter that this case is distinguishable from *Landis* in that Papst is not having to wait for third parties to decide legal issues because Papst is itself a party to the other suit. The stay's proponents argue that the balancing test favors maintaining the stay. They argue that if the appellate court reverses the district court, then the goals of the stay will not have been accomplished and the great expense and time that will be required to move forward in this district would be wasted. The stay's proponents note that any continuing violations can be made right by money damages and argue that Mr. Papst's health is not as bad as represented.

## DISCUSSION

The terms of the stay order itself set the terminating point of the stay as the "resolution by the D. District of Columbia transferor court" of the remanded counts. (Doc. 293.) *Landis* makes a stay unlawful that is not "so framed in its inception that its force will be spent within reasonable limits....When those limits have been reached, the fetters should fall off." *Landis*, 299 U.S. at 257. Thus the limit set in the stay order itself is an important one that dictates the stay's legitimacy. Because the transferor court has resolved the remanded counts, the initial stay has ended. The question before this Court is, should a second stay issue.

*Landis* does not set a per se limit on staying a case beyond the resolution at the district court level in a parallel case, as Papst suggests. "If a second stay is necessary during the course of an appeal, the [stay's proponents] bear the burden, when that stage has arrived, of making obvious the need." *Id. Landis* is careful to preserve the court's inherent power to stay if the situation calls for it. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. If there is "even a fair possibility" that the stay will damage someone else, then

the proponent bears the burden of showing a "clear case of hardship or inequity."

Both sides argue that the *Landis* balance is in their favor. Papst's arguments about losing money and possibly losing a witness are valid concerns. They raise a "fair possibility" that the stay will damage Papst. The stay's proponents' concerns about wasted time and money are surely genuine, but they are contingent upon the decision being overturned on appeal. This contingency is insufficient to make out a clear case of hardship or inequity in proceeding before this Court.

## CONCLUSION

The issues before this Court have been much narrowed by the D.C. district court's resolution of the remanded claims. The purpose and term of the initial stay are accomplished. The burden of justifying a further stay is on the stay's proponents, and they have failed to make the necessary showing that a further stay is warranted.

Accordingly,

**IT IS ORDERED** that the Motion to Lift Stay (Doc. 362) is **GRANTED;**

**IT IS FURTHER ORDERED** that a status conference to discuss case scheduling and case management will be held **Thursday,**

5

**November 9, 2006 at 2:00 p.m.**

New Orleans, Louisiana this the 23rd day of October, 2006.

```
                                    CARL J. BARBIER
                                    UNITED STATES DISTRICT JUDGE
```